UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIEN JACKSON,

    Petitioner,

v.

ERICA HUSS,

    Respondent.

Case No. 18-cv-12417
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [8]**

Damien Jackson is currently in the custody of the Michigan Department of Corrections. He is there because, back in 2012, he pled guilty to, among other things, second-degree murder. Now Jackson challenges his conviction by way of a petition for a writ of habeas corpus. However, Jackson acknowledges his petition is untimely. Hoping to proceed despite his late filing, he says he has new evidence to establish his actual innocence, evidence that a competent lawyer would have discovered at the time of his plea. In response, the Warden moves to dismiss, believing Jackson's new evidence does not establish actual innocence, leaving Jackson's petition time barred. The Court agrees with the Warden.

I.

Back in 2012, Jackson was charged with first-degree murder and felony firearm. Prior to trial, his counsel secured a plea deal that would have had Jackson serve 15 years on the murder charge and then two years on the felony firearm charge. (ECF No. 7, PageID.497, 499.) Jackson turned down the offer and went to trial. (*Id.*) Yet while the jury was deliberating, Jackson asked his lawyer to see if the plea deal was still available. (*Id.* at PageID.500.) It was—but with more

prison time. The state offered a minimum sentence of 25 years if Jackson pleaded guilty to second-degree murder. (*Id.*) Jackson agreed. (*Id.*)

At the plea hearing, Jackson made some consequential admissions. To understand the admissions requires two bits of context. One, Donnell Howard was shot and killed in a Flint, Michigan party store. Two, Jackson said he had known Howard for years. (ECF No. 7, PageID.478.) On the day of Howard's death, Jackson admitted that he was inside that party store, arguing with Howard. (ECF No. 7, PageID.478–479.) At the time, Jackson had a firearm in his possession. (*Id.* at PageID.479, 482.) And during the argument, Jackson drew the pistol and shot Howard once in the leg. (*Id.* at PageID.480.) Jackson was sure he only shot Howard once. He even disputed witness testimony suggesting multiple shots were fired. (*Id.*) In the aftermath, Jackson saw that Howard was injured and watched Howard bleed to death. (*Id.* at PageID.481.) All of the above was captured by the store's surveillance camera. (*Id.*)

Based on Jackson's admissions, the judge accepted Jackson's guilty plea. (*Id.* at PageID.482.) In August 2012, the trial court sentenced Jackson to consecutive terms of 25 to 50 years for the murder conviction and two years for the firearm conviction. (ECF No. 7-23, PageID.508.)

After sentencing, Jackson tried to relitigate his plea. Through counsel, he filed a post-judgment motion to withdraw the guilty plea, which was denied. (ECF No. 7-24.) Then he sought leave to appeal in the Michigan Court of Appeals, again challenging the validity of his plea, which was, again, denied. (ECF No. 7-25, Page.ID.517.) And finally, Jackson filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims, which, on October 28, 2013, led to a final denial. (ECF No. 7-26, Page ID.587.) At no point did Jackson ever claim he was innocent.

About three years later, Jackson first advanced a claim that he was actually innocent. In an October 2016 motion for relief from judgment, Jackson claimed to have discovered new evidence. (ECF No. 10, PageID.965.) Jackson produced an affidavit from Daniel Swopes (ECF No. 1, PageID.61–62), someone Jackson says was in the store when Howard was shot (*id.* at PageID.66). Swopes, too, says he was at the store when the shooting happened, and Swopes says Jackson was not the shooter. (*Id.*) But beyond that, Swopes is no help because once the shooting began, Swopes says he ran for his life. (*Id.*)

Jackson adds his own affidavit. He describes his trial lawyer's alleged poor performance leading up to his guilty plea. (*Id.* at PageID.64–66.) According to Jackson, his lawyer refused to present an alibi defense and refused to let Jackson stand on his right to testify. (*Id.*) Instead, the lawyer berated Jackson until Jackson agreed to plead guilty, lest Jackson face a jury conviction for first-degree murder. (*Id.*) So the lawyer's tirade, coupled with side-effects from an anxiety medication, left Jackson out of his "right state of mind" when he agreed to plead guilty. (*Id.* at PageID.64–66.) All told, Jackson's affidavit attempts to cast doubt on the validity of his plea.

In December 2016, the state court denied Jackson's motion. The state court found, in part, that Jackson's claim of actual innocence did not square with the facts Jackson admitted to at the plea hearing. (ECF No. 10-3.) From there, Jackson exhausted his avenues for relief in the state courts, culminating in the Michigan Supreme Court denying his application for leave to appeal on May 29, 2018. (ECF No. 7-27, Page ID.627; ECF No. 7-28, Page ID.864.)

Not long after the Michigan Supreme Court denied his application, but almost six years after he pleaded guilty, Jackson petitioned this Court for a writ of habeas corpus. (ECF No. 1.)

Jackson and the Warden agree the petition is untimely. (ECF No. 9, PageID.945.) And because it is untimely, the Warden says Jackson's petition should be dismissed. (ECF No. 8.) But

3

Jackson urges the Court to reach the merits, believing he should be allowed to pass through the actual-innocence gateway. (ECF No. 9, PageID.945–946.)

The Antiterrorism and Effective Death Penalty Act sets a one-year limitations period for habeas corpus petitions. 28 U.S.C. § 2244(d)(1). The default limitations period starts the day the petitioner's judgment becomes final by the conclusion of direct review or the day when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A). But § 2244(d) is subject to equitable tolling, *Holland v. Florida*, 560 U.S. 631, 645 (2010), including where a petitioner makes a "credible showing" of actual innocence. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005).

The actual-innocence gateway for equitable tolling is exceedingly narrow. *See Souter*, 395 F.3d at 600 (reasoning that the actual-innocence exception is "limited to the rare and extraordinary case"). To squeeze through, Jackson needs to present new evidence making it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt[.]" *Souter*, 395 F.3d at 596. And his new evidence must be "'reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

Even though the actual-innocence gateway is open to those who plead guilty, *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008), the gate is nonetheless shut in Jackson's case.[1] Jackson's new evidence suggests mistaken identification. But Jackson's new evidence does not outweigh the old. When he pleaded guilty, Jackson admitted to killing Howard after an argument, described the weapon he used, disputed trial testimony about how many shots were fired, and said he watched Howard bleed to death. Indeed, because of Jackson's admissions, it is difficult to see

---

[1] Jackson does not argue that Swopes affidavit was new evidence sufficient to restart his limitations period. *See* 28 U.S.C. § 2244(d)(1)(D). And the record does not contain facts sufficient to determine whether the provision applies. So the Court will not address § 2244(d)(1)(D).

how someone else's memory of the crime does much to call into question what Jackson said happened. *See Allen v. United States*, No. 99-4013, 2000 U.S. App. LEXIS 9041, at *3–4 (6th Cir. May 2, 2000) (finding petitioner's claim of actual innocence lacked credibility given petitioner's guilty plea); *see also Loving v. Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001). And to the extent Jackson offers reason to doubt the voluntariness of his plea or the performance of his lawyer, those are not claims of actual innocence. *See Allen v. Lamanna*, 13 F. App'x 308, 310 (6th Cir. 2001) (citing *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999)); *see also Souter*, 395 F.3d at 596 (holding that actual innocence means factual innocence). So, given all the above, Jackson fails to demonstrate his actual innocence.

Accordingly, as Jackson has not established a basis to toll AEDPA's limitations period, the Court GRANTS Respondent's motion to dismiss (ECF No. 8) and DISMISSES the petition for writ of habeas corpus (ECF No. 1). And because no reasonable jurist would debate the Court's procedural ruling, or debate whether the petition states a "valid claim of a denial of a constitutional right[,]" the Court DENIES Jackson a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). However, if Petitioner chooses to appeal, he may proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: July 1, 2019

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 1, 2019.

s/William Barkholz
Case Manager to
Honorable Laurie J. Michelson
